FILED

06/27/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0704

DA 16-0704

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 159N

CHERIE ROSS,

      Plaintiff and Appellant,

    v.

THANE JOHNSON and JOHNSON, BERG,
McEVOY & BOSTOCK, PLLP,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                In and For the County of Flathead, Cause No. DV-12-380D
                Honorable David M. Ortley, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Mark D. Parker, Geoffrey T. Cunningham, Parker, Heitz
            & Cosgrove, PLLC, Billings, Montana

      For Appellees:

            Mikel L. Moore, Katie Matic, Moore, Cockrell, Goicoechea
            & Axelberg, PC, Kalispell, Montana

                           Submitted on Briefs:  May 24, 2017

                                   Decided:  June 27, 2017

Filed:

                                      _____
                                              Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Cherie Ross appeals from the District Court's Order dismissing her case based on Defendants' Motion to Compel Discovery and Motion for Sanctions.  We affirm.

¶3      In 2008 Ross defaulted on a purchase money mortgage covering a parcel of commercial property in Whitefish, Montana.  The seller foreclosed in 2010 and recovered the property along with a deficiency judgment against Ross.  She did not pay and the seller pursued collection actions against her in several states.  In February 2012 Ross brought an action against her attorneys seeking to recover the amount of the deficiency judgment plus additional damages.  In September 2012 the attorneys' professional liability insurer paid $527,000 to the seller and settled the seller's claims against Ross.  Ross continues to seek recovery against her former attorneys for her personal damages.

¶4      The defendants sought discovery from Ross concerning her claim to damages.  After extended efforts to obtain information from Ross, the defendants moved for an order compelling discovery and eventually sought sanctions against her.  In December of 2015, the District Court entered an order compelling Ross to comply with discovery.  The District Court specified a long list of basic information that Ross must produce, and specifically

warned her that sanctions including dismissal of the case could be imposed if she failed to comply with the order. After further inadequate discovery responses from Ross, the defendants renewed their motion for sanctions. The District Court held a hearing and on September 23, 2016, entered an order dismissing the complaint as a sanction based upon Ross' failure to comply with discovery and with the Court's order.

¶5 This Court reviews a district court order imposing sanctions to determine whether the district court abused its discretion, and we will defer to the district court decision unless it acted arbitrarily and without employing conscientious judgment, or exceeded the bounds of reason. *Spotted Horse v. BNSF Ry. Co.*, 2015 MT 148, ¶ 15, 379 Mont. 314, 350 P.3d 52. Here the District Court warned Ross of the potential consequences of her failure to comply with discovery. The District Court held a hearing on the discovery issues and issued extensive findings of fact concerning discovery abuse by Ross, concluding that she acted willfully and in bad faith, and that her conduct was an attempt to conduct a "trial by ambush" to the detriment of the defendants.

¶6 The District Court did not abuse its discretion in dismissing Ross' complaint and imposing an award of attorney fees against her.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the District Court's order was not an abuse of discretion.

¶8 Affirmed.

/S/ MIKE McGRATH

3

We Concur:

/S/ MICHAEL E WHEAT
/S/ DIRK M. SANDEFUR
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE